The Honorable Keith N. Wood State Representative P.O. Box 1122 Hope, AR 71801-1122
Dear Representative Wood:
 This is in response to your request for an opinion regarding the use of proceeds collected from countywide sales taxes.
You indicate that, pursuant to § 26-74-207, Hempstead County has enacted a one percent sales and use tax for the collection and disposal of solid waste. The county has also adopted a one-half percent sales and use tax for the operation and maintenance of a jail facility. You have asked three questions generally about the permitted uses of the revenues derived from these taxes.
Your first question pertains to the sales tax enacted for the disposal of solid waste. You state that Hempstead County enacted the sales tax, and provided by ordinance that the county's share of the proceeds from the tax would be distributed in its entirety to funds for the collection and disposal of solid waste with any remaining funds used for the repair and construction of county roads and bridges. You state that the county has purchased trucks for hauling the solid waste, it pays the drivers of the trucks, and it pays the tipping fees at the landfill, all out of the proceeds of the tax. You also state that the county has contracted with private industries to pick up their waste and dispose of it for a fee. In light of these facts, your first question is as follows:
 1. Can the county place the receipts from the fees charged to the private industries in the county general budget and use it for general county purposes, or must the receipts from the fees be placed in the waste and county road department budgets?
You have provided the following additional facts relevant to your first question. You state that in December of 1992, the finance committee of the quorum court transferred $70,000 from the solid waste account to the county general fund. You also state that the reason given was that this money was generated by commercial hauling of solid waste, but no documentation is evident to support the transfer of the funds. You state that the capability of commercial hauling was made possible by the one percent sales tax, and the commercial hauling is accomplished using equipment, maintenance, operations and man power paid for by the tax. You state that the money generated by commercial hauling is not kept in a separate account, but in the solid waste fund.
Your question is whether the county can place these fees into the county general fund and expend them for general county purposes, when they could be used to defray the expenses of solid waste collection, freeing up the sales tax dollars to be used for their supplemental designated use: county roads and bridges.
I have not been provided with the local ordinances in question. The question posed may well be controlled by such ordinances. In addition, your question does not indicate whether the fees are levied pursuant to A.C.A. § 8-6-212 (Cum. Supp. 1991), or under the county's general authority as found in A.C.A. §§14-14-801(b)(11) and 14-14-802(b)(2)(F) (ii). Accordingly, the fact-determinative nature of your inquiry may well require resolution in a court of law.
My research, however, reveals no specific statute governing the use of these fees. The fees are not, in my opinion, subject to the same restrictions which are placed upon the expenditure of the sales tax monies themselves.
With regard to this issue, reference must initially be made to A.C.A. § 26-74-207 (Cum. Supp. 1991), which authorizes county quorum courts to call an election for the levy of a countywide sales and use tax. Section 26-74-208(c) states that "[t]he ballot may also indicate designated uses of the revenues derived from the sales tax and, if the tax is approved, the proceeds shall only be used for the designated purposes." Accordingly, revenues derived from imposition of a countywide sales tax must be used for the purposes designated in the ballot title, where specific uses are so designated. See Op. Att'y Gen. Nos. 90-130, 88-084 and 86-58. See also Ark. Const. art. 16, § 11 (monies arising from a tax levied for one purpose shall not be used for other purposes). Accord Special School District v. SebastianCounty, 277 Ark. 326, 641 S.W.2d 702 (1982) and Page v.Alexander, 206 Ark. 479, 177 S.W.2d 415 (1943).
In my opinion, it is unlikely that such fees would be regarded as "revenues derived from the sales tax." While there is apparently no Arkansas case law or statutory authority regarding this specific issue, in my opinion, fees charged to private industries for picking up their waste and disposing of it are too far removed from the initial imposition of the sales tax to be considered revenues derived from the tax.
Assuming, then, that the fees are not tax revenues, reference must be made to the statutory authority for the imposition of such fees along with any accompanying authority regarding disposition of such fees. Although your correspondence does not indicate under what authority the fees are levied, A.C.A. §8-6-212 (Cum. Supp. 1991) authorizes the imposition of such fees, but does not place clear restrictions on their use. In addition, the use of any fees levied pursuant to A.C.A. § 14-14-801(b)(11) would presumably be controlled entirely by local ordinance.
Due to the factual nature of the inquiry, therefore, we are unable to provide a definitive answer to your first question. If the question cannot be resolved by local counsel with reference to all the particular facts, resort to the judicial process is, of course, an option.
Your next two questions pertain to the sales tax enacted for the operation and maintenance of a jail facility. You state that the voters of Hempstead County approved a one-half percent sales and use tax "for the purpose of operating and maintaining jail facilities, including related law enforcement, . . . and/or securing the repayment of capital improvement bonds issued by Hempstead County for a jail facility. . . ." You do not indicate whether these are the uses designated in the ballot title authorizing the tax.
You also indicate that the Hempstead County voters approved the issuance of bonds in the maximum principal amount of $2.5 million to:
 finance the acquisition, construction and equipping of new jail facilities . . . and in order to secure the bonds, the pledge of up to 100%, as determined by the Quorum Court, of the 1/2% sales and use tax levied by Hempstead County if such tax is approved by the voters at this special election.
You have also indicated that after the sales tax and bond issues were approved, the quorum court determined that the costs of construction of the new jail would be approximately $2.8 million. You state that the quorum court voted to use part of the sales tax to operate and maintain the county's current jail facility, thus freeing up money in the county general fund to allow the county to contribute out of its general revenues to the construction of the new county jail. In light of the above, you have posed the following questions:
 2. Can Hempstead County build a jail with construction costs of more than $2.5 million, being the amount of the bond issue?
 3. Can the quorum court use a portion of the 1/2% sales tax to operate and maintain the existing county jail during constructions of the new jail, and then use money in county general to fund construction of the new jail?
With regard to your second question, you have not indicated under what subchapter of the Arkansas Code the bonds in question were issued. Reference must be made, as an initial matter, to the statutory authority for the bond issues. Without more specific information in this regard, we are unable to provide an answer to this question. It appears that the county attorney and the bond counsel would be better able to provide an answer to this question, as they have access to all the pertinent facts.
In response to the first part of your third question, it is my opinion that reference must initially be made to the ballot title authorizing the one-half percent sales and use tax for the jail facility. I have not been provided with information relative to what uses the ballot title designates the proceeds of the sales tax. Necessarily, reference must be made to the ballot title for information regarding the designated uses of the tax revenues. If the ballot title indicates that the sales tax revenues may be used to operate and maintain the existing county jail, then such a use is clearly authorized. Construction of the ballot title is a matter for the county's local counsel with reference to the applicable constitutional and statutory provisions.
With regard to that part of your third question which focuses on whether the county may use general revenues to fund the construction of the new jail, it is my opinion that such a use would be authorized provided the quorum court appropriates the funds and the county judge approves their use.
The disbursement of county general funds must, in general, be preceded by an appropriation of the quorum court and be approved by the county judge. Article 7, section 28 of the Arkansas Constitution vests jurisdiction over all matters relating to the disbursement of money for county purposes in the county courts. Amendment 55, section 3 grants power to the county judge to approve disbursements of appropriated county funds. See alsoMears, Co. Judge v. Hall, 263 Ark. 827, 569 S.W.2d 91 (1978).And see generally, with regard to appropriations and approval by the county judge, A.C.A. §§ 14-20-106, 14-23-104,14-14-1102(b)(2), 14-14-1102(b)(2)(C) (i), and 14-14-1105(b)(5) (1987).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sherry L. Daves.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh